**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride
ryan@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, CA
Telephone:    (800) 400-6808
Facsimile:    (800) 520-5523

**WOODROW & PELUSO, LLC**
Taylor T. Smith
tsmith@woodrowpeluso.com
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: 720-907-7628

*Attorneys for Plaintiff*,
Warren Race

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| **WARREN RACE,**<br><br>Plaintiff,<br><br>v.<br><br>**JPMORGAN CHASE BANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff Warren Race ("Plaintiff") is a victim of identity theft.

2. An unauthorized individual unlawfully used Plaintiff's personal information to gain access to his credit cards and to make unauthorized transactions. The credit cards were maxed out by the unauthorized individual. The unauthorized individual then took out a loan in Plaintiff's name to pay off one of the credit cards.

3. Since approximately October of 2023, Defendants Equifax Information Services, LLC, ("Equifax"), Experian Information Solutions, Inc. ("Experian") and JPMorgan Chase Bank, N.A. ("Chase") (or jointly as "Defendants") have been reporting false information regarding Plaintiff's alleged debt.

4. On December 5, 2023, Plaintiff filed a police report with the Castle Rock Police Department and notified Defendants of the identity theft and unauthorized use of his personal information.

5. As alleged herein, Defendants repeatedly failed to investigate Plaintiff's claims of identity theft.

6. Plaintiff has disputed Defendants' reporting, and each defendant failed to do a reasonable reinvestigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

7. Plaintiff, by and through Plaintiff's counsel, brings this action for actual damages, statutory damages, punitive damages, attorneys fees, and costs, against Defendants for violations of the FCRA.

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

11. Unless otherwise indicated, the use of Defendants' names in this Complaint include all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

12. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of Colorado.

13. At all times relevant, Plaintiff was an individual residing within the State of Colorado.

14. All correspondence from Defendants referenced herein was sent to Plaintiff at an address located within the State of Colorado.

## FCRA

15. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

16. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or

---

[1] FCRA, 15 U.S.C. §1681(a)(4)

expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

17. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p (FCRA), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

18. This action arises out of Defendants' violations of the FCRA, 15 U.S.C. § 1681 et seq.

19. This Court has personal jurisdiction over Defendants as they do business within the State of Colorado, have sufficient minimum contacts with this state, and otherwise purposefully avail themselves of the markets in the State of Colorado through the promotion, sale, and marketing of their products and services within this state, to render the exercise of jurisdiction by this Court proper.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

21. Plaintiff is a natural person who resides in the city of Castle Rock County of Douglas State of Colorado. Plaintiff is a "consumer" as defined by 15 U.S.C

§1681a(c) as well as a "victim of identity theft" as that term is defined by Colo. Rev. Statute §18-5-902.

22. Defendant Equifax Information Services, LLC. is a Georgia limited liability company operating from an address of 1550 Peachtree Street NE, Atlanta, GA 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

23. Defendant Experian Information Solutions, Inc. is a California corporation operating from an address of 475 Anton Blvd. Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

24. Defendant JPMorgan Chase Bank, N.A is a Delaware corporation operating from an address of 270 Park Avenue, New York, NY 10017, and is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

25. Plaintiff is an individual residing in the County of Douglas in the State of Colorado.

26. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of Colorado.

27. Plaintiff is a victim of identity theft.

28. At least five accounts were fraudulently used by the unauthorized person without Plaintiff's knowledge or authorization.

29. The five unauthorized accounts that Plaintiff is aware of are:

  a. Credit Karma Account Number CB/CRB CRB4ZOG9 ("Credit Account");

  b. Sofi Bank N.A. Account Number PL95XXXX ("Sofi Account");

  c. JPMorgan Chase Bank N.A Account Number 414740036151 ("JPMorgan")

  d. Bank of America N.A Account Number 139105329706 ("BoA")

  e. Elan Financial Services Account Number 417903017448 ("Elan") (jointly as the "Accounts")

30. The fraudulent charges made to the accounts identified above began in 2022 and Plaintiff discovered them later that year.

31. Plaintiff reported the fraud to all the individual companies where an account was fraudulently opened, yet nothing was done.

32. Plaintiff believes an unauthorized person used Plaintiff's personal identifying information to gain access to and use the Accounts at issue here to make fraudulent charges.

33. Plaintiff did not make any of the fraudulent charges that appears on the Accounts.

34. Plaintiff did not give permission for his personal identifying information to be used to grant someone else access to the Accounts.

35. Plaintiff contacted Chase multiple times to alert them of the fraudulent charges, but to no avail.

36. On or about October 13, 2023, Equifax reported the following inaccurate information: a.

   a. Credit Karma Account Number CB/CBR CRB4ZOG9 ("Credit Account"); Status:Paid, Closed/Never late.

   b. Sofi Bank N.A. Account Number PL95XXXX ("Sofi Account"); Balance:$32,878_, Status: "Account charged off. $32,878 written off. $32,878 past due as of Mar 2023.

   c. JPMorgan Chase Bank N.A Account Number 414740036151 ("JPMorgan"); Balance: $11,493, Status: "Account charged off. $11,493 written off. $11,493 past due as of Sep 2023."

   d. Elan Financial Services Account Number 417903017448 ("Elan") (jointly as the "Accounts"); Balance:$29,690 Status: "Account charged off. $24,290 written off. $29,690 past due as of Sep 2023."

37. On or about October 13, 2023, Experian reported the following inaccurate information:

   a. Credit Karma Account Number CB/CBR CRB4ZOG9 ("Credit Account"); Status:Paid, Closed/Never late.

   b. Sofi Bank N.A. Account Number PL95XXXX ("Sofi Account"); Balance:$32,878_, Status: "Account charged off. $32,878 written off. $32,878 past due as of Mar 2023.

    c. JPMorgan Chase Bank N.A Account Number 414740036151 ("JPMorgan"); Balance: $11,493, Status: "Account charged off. $11,493 written off. $11,493 past due as of Sep 2023."

    d. Elan Financial Services Account Number 417903017448 ("Elan") (jointly as the "Accounts"); Balance:$29,690 Status: "Account charged off. $24,290 written off. $29,690 past due as of Sep 2023."

38. On or around December 5, 2023, Plaintiff went to the Castle Rock Police Department and made a report of identity theft ("PR"), stating that an unauthorized person maxed out all of his credit cards and had taken out a personal loan to pay off one of the credit cards.

39. On or around December 7, 2023, Plaintiff mailed a full Identity Theft Notification ("IDTN") to Defendants Experian, TransUnion, and Equifax, and JPMorgan regarding the accounts at issue.

40. The IDTNs contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft.

41. The IDTN letter requested that all recipients investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the account(s) opened using his personal information without his permission.

42. The IDTNs included the following as enclosures: an FTC Affidavit of Identity theft, a police report, and a dispute letter.

43. Defendants have refused to investigate Plaintiff's claims of identity theft and have continued to report or reinstate the alleged debt to Plaintiff's credit report(s).

44. Defendants have maintained that Plaintiff owes the alleged debt.

45. Simply put, Plaintiff is the victim of identity theft with respect to the unauthorized transactions on the Accounts using Plaintiff's personal information and has filed a police report expressly claiming such. That police report has been provided to Defendants. Defendants have failed to stop reporting the alleged debt despite knowing that the alleged debt was the result of identity theft.

46. Defendants ignored Plaintiff's disputes and instead continued to report the inaccurate balances Plaintiff's credit report(s) despite knowing that the Accounts were used without Plaintiff's permission, and thus much of the debt was created as a result of identity theft.

47. Plaintiff did not consent to the use of his personal information to access the Accounts and make fraudulent charges that Defendants are reporting on Plaintiff's credit report.

///

///

## ACTUAL DAMAGES

48. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

49. Additionally, Plaintiff has been unable to continue his financial career due to his credit score lowering from Defendant's actions. This has made a tremendous impact on his professional and financial opportunities.

50. Furthermore, as a result of Defendants' failure to investigate, Plaintiff has had to incur charges for retaining attorneys to represent him in a lawsuit filed by Chase.

51. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that the banking system is dependent upon fair and accurate credit reporting; and that inaccurate credit reports directly impair the efficiency of the banking system, and unfair

credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I**

**AGAINST EXPERIAN AND EQUIFAX**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendants Experian and Equifax violated 15 U.S.C. §1681i by failing to fully and properly investigate Plaintiff's dispute.

54. Defendants Experian and Equifax understood the nature of Plaintiff's disputes when it received Plaintiff's dispute.

55. As a result of the conduct, actions and inactions of Defendants Experian and Equifax, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

56. Plaintiff was injured as a result of Defendants Experian and Equifax's inaccurate reporting.

57. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants Experian and Equifax.

58. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants Experian and Equifax.

///

///

///

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### AGAINST EXPERIAN AND EQUIFAX

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Upon information and belief, Defendants Experian and Equifax did not follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in violation of 15 U.S.C § 1681e(b).

61. Defendants Experian and Equifax's unreasonable procedures resulted in several inaccuracies on Plaintiff's credit reports.

62. Plaintiff was injured as a result of Defendants Experian and Equifax's inaccurate reporting.

63. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants Experian and Equifax.

64. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants Experian and Equifax.

COUNT III

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

AGAINST JPMORGAN CHASE BANK

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant Chase violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Chase reporting to Plaintiff's credit files with all the credit bureaus and failing to correctly report results of an accurate investigation to each other credit reporting agency.

67. As a result of the conduct, actions and inactions of Defendant Chase, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

68. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendant Chase intended their employees or agents to follow.

69. The conduct, actions and inactions by Defendant Chase was willful, rendering Defendant Chase liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendant Chase was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1681n and 1681o.

b) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

d) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files;

e) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

f) An award of punitive damages; and

g) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY

71. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 18, 2024                    Respectfully submitted,

                                                **KAZEROUNI LAW GROUP, APC**

                                                By  /s/Ryan L. McBride
                                                    Ryan L. McBride, Esq.
                                              Attorney for Plaintiff